UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL NATIONAL INDUSTRY PENSION FUND, *et al.* | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) ) | Civil Action No. 12-00847 (ESH) |
| DELTA WINDOW CLEANING CO., INC., | ) ) | |
| **Defendant.** | ) ) ) | |

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment. (Mot. for Default Judgment, August 14, 2012 [Dkt. No. 7].) For the reasons stated herein, the motion will be granted and judgment entered for plaintiffs and against defendant Delta Window Cleaning Co., Inc.

This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145, and Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). Defendant was served with the complaint on June 5, 2012 (see Return of Service, July 30, 2012 [Dkt. No. 4]), but has failed to answer or otherwise defend this action. The Clerk of Court entered default on August 8, 2012 (Entry of Default, Aug. 8, 2012 [Dkt. No. 6].) Pursuant to the Court's July 31, 2012 Minute Order, plaintiffs have

moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

Federal Rule of Civil Procedure 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* Fed. R. Civ. P. 55(c).

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e) and (f), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(C).

contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.  The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiffs have filed the declarations of Amy Sargent, the Contribution Compliance Manager for the Service Employees International Union National Industry Pension Fund (Pls. Mot. for Default Judgment, Ex. 5 ("Sargent Decl.") and Richard C. Welch, plaintiffs' lead attorney (*id.*, Ex. 6 ("Welch Decl.")., in support of the motion for default judgment.  Based on the declarations, the Court finds that plaintiffs have established the total amount owed by defendant for unpaid contributions, interest, liquidated damages, attorney's fees and costs to be $34,164.75.  (*See* Sargent Decl. ¶¶ 4-14 (as of the end of May 2012, defendant owed total of $30,444.1 in unpaid contributions, interest and liquidated damages); Welch Decl. ¶¶ 3-7 (total attorneys' fees and costs through July 30, 2012, of $3,720.64).   Additionally, "as of August 8, 2012, Defendant has failed to submit the required remittance report for June 2012" (Sargent Decl. ¶¶ 15) with the result that plaintiffs "have been unable to calculate the exact amount due and owing to the Fund for the period of June 2012."  (Pls.' Mem. at 6.)

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiffs in the amount of $34,164.75.  In addition, the Court will grant the request to enter a permanent injunction ordering defendant to submit its delinquent remittance reports, conduct an accounting

on all past-due contributions, and pay all amounts due and owing to the Fund in accordance with its Agreement with the Fund and the Fund's governing documents. A separate Judgment will accompany this opinion.

        /s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: August 14, 2012